11/6/2020 4:03 PM
By: AM

IN THE CIRCUIT COURT OF THE 6TH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY

KENJUAN BROWN, JR. and DEANDRA JOHNSON, )
Individually and as Mother and Next Friend of )
DENZEL TRAVIS, a Minor, )
)
    Plaintiffs, )
)
v. )   CASE NUMBER:
)
REBECCA POWELL, as Special Representative )   2020L 000165
of AARON REED, Deceased, JOSE CARLOS )
AGUILAR, Individually and as agent of ERIVES )
ENTERPRISES, INC., a Texas Corporation, and )
ERIVES ENTERPRISES, INC., a Texas Corporation )
)
    Defendants. )

## COMPLAINT AT LAW

### COUNT I: vs. REBECCA POWELL, AS SPECIAL REPRESENTATIVE OF AARON REED, DECEASED

NOW COME THE PLAINTIFFS, KENJUAN BROWN, JR. ("BROWN") and DEANDRA JOHNSON ("JOHNSON"), Individually and as Mother and Next Friend of DENZEL TRAVIS ("TRAVIS"), a Minor, by and through their attorneys, Lipkin & Apter, and for their Complaint at Law against REBECCA POWELL, Special Representative of AARON REED, Deceased ("REED"), JOSE CARLOS AGUILAR ("AGUILAR") Individually and as agent of ERIVES ENTERPRISES, INC. ("ERIVES"), a Texas Corporation and ERIVES ENTERPRISES, INC., a Texas Corporation, states as follows:

    1)    At all times relevant hereto there existed within the State of Illinois Interstate Highway 57 ("I-57") which runs generally in northerly and southerly directions from the Chicagoland area through southern Illinois and beyond.

    2)    At all times and locations relevant hereto, I-57 was generally divided by a grassy median into its two (2) northbound and two (2) southbound traffic lanes.

EXHIBIT A

3) Plaintiff, DEANDRA JOHNSON, is the Mother of minor Plaintiff, DENZEL TRAVIS, whose date of birth is September 12, 2020.

4) At approximately 12:53 a.m. on October 13, 2020, Plaintiff, BROWN, operated a 2010 Ford Fusion, in which Plaintiffs, JOHNSON and TRAVIS, were occupants, northbound on I-57 in the inside or left lane.

5) At approximately 12:53 a.m. on October 13, 2020, REED operated his vehicle, a 2019 Honda Civic, southbound in the northbound lanes of I-57, approximately one thousand five hundred (1500) feet north of Mile Post 266, when his vehicle struck Plaintiffs' vehicle head-on and, generally, on BROWN's driver's side.

6) At all times relevant hereto, REED was under a duty to exercise ordinary care in the operation of his vehicle so as to avoid placing others in danger and to avoid a collision with other vehicles on and in the roadway.

7) REED violated his duty of care to Plaintiffs, BROWN, JOHNSON and TRAVIS, via one or more of the following negligent acts or omissions:

    a) Carelessly and negligently drove his vehicle in a southbound direction while in the northbound lanes of I-57, in violation of the Illinois Vehicle Code;

    b) Carelessly and negligently failed to keep a proper lookout for other vehicles on the roadway, and more specifically for the vehicle operated by BROWN and within which Plaintiffs were seated;

    c) Carelessly and negligently failed to avoid a collision with the vehicle operated by BROWN and within which Plaintiffs were seated when there was reasonable and ample opportunity to do so;

    d) Carelessly and negligently failed to reduce the speed of the vehicle he was operating in order to avoid a collision with the vehicle operated by BROWN and occupied by the Plaintiffs;

    e) Carelessly and negligently drove his vehicle at a rate of speed

greater than was reasonable and proper based upon the condition of the roadway;

f) Carelessly and negligently failed to maintain proper control of his vehicle; and

g) Was otherwise careless and/or negligent.

8) As a direct and proximate result of one or more of REED's careless and negligent actions and/or omissions, Plaintiffs, BROWN, JOHNSON and TRAVIS, suffered serious and permanent injuries, other pecuniary damages, medical expenses, lost wages and significant pain and suffering at present and in the future, when REED's vehicle struck the vehicle operated by BROWN and in which JOHNSON and TRAVIS were passengers.

WHEREFORE, Plaintiffs, KENJUAN BROWN, JR. and DEANDRA JOHNSON, Individually and as Mother and Next Friend of DENZEL TRAVIS, a Minor, seek judgment in their favor and against the Defendant, REBECCA POWELL, in her representative capacity for AARON REED, Deceased, in an amount in excess of the jurisdictional minimum of this Court, together with costs and other damages which the Court in its discretion may award.

## COUNT II: vs. JOSE CARLOS AGUILAR

NOW COME THE PLAINTIFFS, KENJUAN BROWN, JR. ("BROWN") and DEANDRA JOHNSON ("JOHNSON"), Individually and as Mother and Next Friend of DENZEL TRAVIS ("TRAVIS"), a Minor, by and through their attorneys, Lipkin & Apter, and for their Complaint at Law against JOSE CARLOS AGUILAR ("AGUILAR"), states as follows:

1) At all times relevant hereto there existed within the State of Illinois, Interstate Highway 57 ("I-57") which runs in a general northerly and southerly direction from the Chicagoland area through southern Illinois and beyond.

3

2) At all times and locations relevant hereto, I-57 is generally divided by a grassy median into two (2) northbound and two (2) southbound traffic lanes.

3) Plaintiff, DEANDRA JOHNSON, is the Mother of minor Plaintiff, DENZEL TRAVIS, whose date of birth is September 12, 2020.

4) At approximately 12:53 a.m. on October 13, 2020, Plaintiff, BROWN, operated a 2010 Ford Fusion, in which Plaintiffs, BROWN, JOHNSON and TRAVIS were occupants, northbound on I-57 in the inside or left lane.

5) At approximately 12:53 a.m. on October 13, 2020, and for sometime prior thereto, Defendant, AGUILAR, operated his vehicle, a semi tractor-trailer owned by ERIVES ENTERPRISES, INC., northbound, on I-57, and struck the vehicle formerly operated by Plaintiff, BROWN, in which BROWN and TRAVIS were occupants and others were nearby, which had become disabled on northbound I-57 as a result of an earlier collision with REED.

6) At all times relevant hereto, Defendant, AGUILAR, was under a duty to exercise ordinary care in the operation of his vehicle so as to avoid placing others in danger and to avoid a collision with any and all vehicles on the roadway.

7) Defendant, AGUILAR, violated his duty of care to Plaintiffs, BROWN, JOHNSON and TRAVIS, via one or more of the following negligent acts or omissions:

    a) Carelessly and negligently failed to keep a proper lookout for other vehicles on the roadway, specifically the vehicle operated by BROWN and within which Plaintiffs were seated or nearby;

    b) Carelessly and negligently failed to avoid a collision with the disabled vehicle operated by BROWN and within which Plaintiffs were seated or were nearby when there was reasonable and ample opportunity to do so;

c) Carelessly and negligently failed to reduce the speed of the vehicle he was operating in order to avoid a collision with the vehicle operated by BROWN and within which the Plaintiffs were seated or nearby;

d) Carelessly and negligently drove his vehicle at a rate of speed greater than was reasonable and proper based upon the condition of the roadway;

e) Carelessly and negligently failed to maintain proper control of his vehicle; and

f) Was otherwise careless and/or negligent.

8) As a direct and proximate result of one or more of Defendant, AGUILAR's, careless and negligent acts and/or omissions, Plaintiffs, BROWN, JOHNSON and TRAVIS, suffered serious and permanent injuries, other pecuniary damages, medical expenses, lost wages and severe pain and suffering and disability at present and in the future when the semi tractor-trailer operated by AGUILAR collided with the disabled vehicle in which BROWN and TRAVIS were and where others were nearby.

WHEREFORE, Plaintiffs, KENJUAN BROWN, JR. and DEANDRA JOHNSON, Individually and as Mother and Next Friend of DENZEL TRAVIS, a Minor, seek judgment in their favor and against the Defendant, JOSE CARLOS AGUILAR, in an amount in excess of the jurisdictional minimum of this Court together with costs and other damages which the Court in its discretion may award.

### COUNT III: vs. ERIVES ENTERPRISES, INC.

NOW COME THE PLAINTIFFS, KENJUAN BROWN, JR. ("BROWN") and DEANDRA JOHNSON ("JOHNSON"), Individually and as Mother and Next Friend of DENZEL TRAVIS ("TRAVIS"), a Minor, by and through their attorneys, Lipkin & Apter, and for their Complaint at Law against ERIVES ENTERPRISES, INC. ("ERIVES"), a Texas Corporation, states as follows:

1) At all times relevant hereto Defendant, ERIVES, was a trucking company incorporated in the State of Texas and engaged in the business of hauling and delivering freight throughout the United States.

2) At all times relevant hereto, in order to facilitate its trucking operations, Defendant, ERIVES, employed more than one hundred (100) drivers and owned and operated several hundred tractors and trailers upon Illinois and other roadways.

3) Plaintiff, DEANDRA JOHNSON, is the Mother of minor Plaintiff, DENZEL TRAVIS, whose date of birth is September 12, 2020.

4) At all times relevant hereto, there existed in the State of Illinois Interstate Highway 57 ("I-57") which runs in a general northerly and southerly direction from the Chicagoland area through southern Illinois and beyond.

5) At all times and locations relevant hereto, I-57 is generally divided by a grassy median into two (2) northbound and two (2) southbound traffic lanes.

6) At approximately 12:53 a.m. on October 13, 2020, Plaintiff, BROWN, operated a 2010 Ford Fusion, in which Plaintiffs JOHNSON and TRAVIS were occupants, northbound on I-57 in the inside or left lane.

7) At approximately 12:53 a.m. on October 13, 2020, and for sometime prior thereto, Co-Defendant, AGUILAR, was an employee and/or agent of the Defendant, ERIVES, and was operating a semi tractor-trailer owned by Defendant, ERIVES, in the course and scope of his employment, northbound on I-57, and struck the vehicle formerly operated by Plaintiff, BROWN, in which BROWN and TRAVIS were occupants and others were nearby, which had become disabled on northbound I-57 as a result of an earlier crash with REED.

8) At all times relevant hereto, pursuant to the doctrine of *Respondeat Superior*, Co-Defendant, AGUILAR, was under a duty of ordinary care as an employee and/or agent of the Defendant, ERIVES, and, therefore, Defendant, ERIVES, was also under such a duty to exercise ordinary care in the operation of the semi tractor-trailer so as to avoid placing others in danger and avoid causing a collision with any and all vehicles on the roadway.

9) Co-Defendant, AGUILAR, as an employee and/or agent of Defendant, ERIVES, and, therefore, Defendant, ERIVES, violated their duty of care to the Plaintiffs in one or more of the following ways:

    a) Carelessly and negligently failed to keep a proper lookout for other vehicles on the roadway, specifically the vehicle operated by BROWN and within which Plaintiffs were seated or nearby;

    b) Carelessly and negligently failed to avoid a collision with the disabled vehicle operated by BROWN and within which Plaintiffs were seated or nearby when there was a reasonable and ample opportunity to do so;

    c) Carelessly and negligently failed to reduce the speed of the vehicle he was operating in order to avoid a collision with the vehicle operated by BROWN and within which the Plaintiffs were seated or nearby;

    d) Carelessly and negligently drove his vehicle at a rate of speed greater than was reasonable and proper based upon the condition of the roadway;

    e) Carelessly and negligently failed to maintain proper control of his vehicle; and

    f) Was otherwise careless and/or negligent.

10) As a direct and proximate result of one or more of the aforementioned careless and/or negligent acts of Co-Defendant, AGUILAR, as employee and/or agent of the Defendant, ERIVES, and therefore ERIVES, Plaintiffs, BROWN, JOHNSON and

TRAVIS suffered serious and permanent injuries, other pecuniary damages, medical expenses, lost wages and severe and permanent pain and suffering, at present, and in the future when the semi tractor-trailer operated by Co-Defendant, AGUILAR, collided with the disabled vehicle in which BROWN and TRAVIS were and where others were nearby.

WHEREFORE, Plaintiffs, KENJUAN BROWN, JR and DEANDRA JOHNSON, Individually and as Mother and Next Friend of DENZEL TRAVIS, a Minor, seek judgment in their favor and against the Defendant, ERIVES ENTERPRISES, INC., a Texas corporation, in an amount in excess of the jurisdictional minimum of this Court together with costs and other damages which the Court in its discretion may award.

Respectfully Submitted,

LIPKIN & APTER

By KEVIN B. APTER

Lipkin & Apter
Attorneys for Plaintiff
205 West Randolph Street
Suite 1545
Chicago, Illinois 60606
Phone: (312) 624.9342